IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEITH LAMARR JONES,**                     **CASE NO. 2:06-cv-954**
                                                                     **JUDGE HOLSCHUH**
         **Petitioner,**                           **MAGISTRATE JUDGE ABEL**

v.

**OHIO ADULT PAROLE AUTHORITY,**

         **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, and the exhibits of the parties. This action involves petitioner's challenge to the Ohio Parole Authority's issuance of a detainer warrant against him upon his release from his federal sentence; however, the petitioner has absconded and his current whereabouts apparently are unknown. The record indicates that a warrant has been issued for his arrest. Therefore, for the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice**.**

On November 13, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He asserts that the Ohio Adult Parole Authority improperly issued a warrant requesting that FCI Manchester detain him upon expiration of his federal sentence. Prior to initiation of his federal sentence, petitioner was serving a sentence of nine to thirty five years on state convictions that had not yet expired, *see* Exhibits 1 and 2 to Return of Writ, and had been charged with violating the terms of his parole. *See* Exhibits 2 and F to Return of Writ. He was to answer charges of violating the terms of his parole. *Id.* Additionally, on February 12, 2007, he pleaded

guilty in the Franklin County Court of Common Pleas to two counts of identity fraud.  *Id*.  He apparently has not yet been sentenced on those charges.  *Id.* However, on June 27, 2007, a warrant was issued for petitioner's arrest.  Exhibits 2, G and 4 to Return of Writ.  His current whereabouts apparently are unknown.

Under the fugitive disentitlement doctrine, petitioner cannot obtain habeas corpus review under these circumstances.

> The literal meaning of the writ of habeas corpus ad subjiciendum comes from the Latin habeas corpus which means "you should have the body." It is an extraordinary writ the office of which is to examine the legality of a prisoner's confinement. If granted, the writ orders the jailer or other custodian to produce the body and free the prisoner either absolutely or conditionally.
>
> If there is no body for the jailer to produce, the writ is unnecessary. Such is the case here since appellant has escaped from appellee's custody during the pendency of this appeal. The writ of habeas corpus requested by appellant, and denied by the district court, would now serve no function beyond that achieved by appellant without the assistance of the courts. We see no reason to rule on the merits of the district court's denial of the writ in what is now, at least temporarily, a moot case. The appeal will be dismissed.
>
> This result is in accord with the rule that review will not be given to the convictions of escaped criminal defendants. *Estelle v. Dorrough*, 420 U.S. 534, 537, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Other circuits have also extended this rule to escaped habeas corpus petitioners. *Lopez v. Malley*, 552 F.2d 682 (10th Cir. 1977); *Van Blaricom v. Forscht*, 490 F.2d 461 (5th Cir. 1974).

*Taylor v. Egeler,* 575 F.2d 773 (6th Cir. 1978).  *See also Deering v. Michigan*, unpublished, 2007 WL 1267513 (E.D. Michigan April 30, 2007):

> The reasoning which justifies dismissal of a fugitive's appeal from the denial of a habeas corpus petition also justifies the dismissal of a fugitive's habeas corpus petition in the district court. *Bagwell v.*

> *Dretke,* 376 F.3d 408, 412. (5th Cir.2004). First, a federal habeas court cannot enforce its judgment if a petitioner is a fugitive. *Id.* Second, a prisoner who escapes while his petition is pending "intentionally waives control over the proceedings." *Id.* "[A] prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal." *Id. See also Prevot v. Prevot,* 59 F.3d 556, 562-67 (6th Cir.1995) ( "Disentitlement applies to federal trial courts in civil cases as well as to appellate courts."). Federal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice. *See Bagwell,* 376 F.3d 408; *Torres v. People of State of New York,* 976 F.Supp. 249, 250-51 (S.D.N.Y.1997) (dismissing petitioner's petition pursuant to the fugitive disentitlement doctrine because petitioner absconded from parole); *United States v. Collins,* 651 F.Supp. 1177 (S.D.Fla.1987); *Clark v. Dalsheim,* 663 F.Supp. 1095 (S.D.N.Y.1987); *Crawford v. Varner,* 2002 WL 229898, at *2) (D.Del.2002) ("The Court can discern no reason to entertain a habeas petition filed by a fugitive whose own unlawful actions preclude the very relief he seeks.").

*Id*. In view of the foregoing, and because petitioner's current whereabouts are unknown, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

s/Mark R. Abel<br>United States Magistrate Judge